**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| COLT HOLDING COMPANY LLC, *et al*., ) | Case No. 15-11296 (LSS) |
| ) | |
| ) | Joint Administration Pending |
| Debtors. ) | |
| ) | **Hearing Date: June 15, 2015 at 2:30 p.m.** |
| ) | **Related to Docket No. 12** |

**OBJECTION TO THE DIP MOTION AND RESPONSE TO THE DEBTORS'
ALLEGATIONS REGARDING THE AD HOC CONSORTIUM**

The Ad Hoc Consortium (the "Consortium") of the Debtors'[1] 8.75% Senior Notes due 2017 (the "Senior Notes"), by its undersigned counsel, submits its objection to the DIP Motion and in response to certain the statements and allegations made by the Debtors in support of these cases and in the DIP Motion (the "Objection and Response"). In support of its Objection and Response, the Consortium respectfully states as follows:

1. The Consortium collectively holds $153,341,000 in face amount of the $250 million in Senior Notes, which represents 61.34% of the Senior Notes outstanding. The Senior Notes are indisputably the fulcrum security in these cases.

2. The Consortium submits this Objection and Response to advise the Court that it will present at the first day hearing, and support through evidence, a DIP financing proposal economically far superior to that proposed by the Debtors. The Consortium is filing contemporaneously with this Objection and Response the *Declaration of Steven P. Levine in Regards to Alternative Debtor In Possession Financing Proposal* (the "Levine Declaration").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in *Keith A. Maib's Declaration in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 17] (the "Maib Declaration").

1

Attached to the Levine Declaration are a Commitment Letter and a proposed Senior Secured SuperPriority Debtor-in-Possession Term Loan Agreement and a fully executed Term Sheet, which set forth the terms of the $55 million debtor-in-possession financing facility the Consortium is prepared to fund.

3. Moreover, the Consortium will demonstrate that the description of the facts and events that have culminated in the commencement of these proceedings as set forth in the Maib and the Menon Declarations, is one-sided, incomplete, inaccurate, and in certain material ways, contrary to the actual facts.

4. The evidence adduced by the Consortium at the first day hearing will demonstrate that, contrary to the assertions (both express and implied) by the Debtors, (i) the alternative DIP financing proposal that the Consortium stands ready to provide is not only economically superior to that proposed in the Debtors' DIP Motion, but also critically affords the Debtors far more flexibility and runway to emerge from Chapter 11, provides a path to a restructuring that de-levers the balance sheet, maintains jobs, preserves customer and vendor relations, <u>and</u> provides desperately needed capital to fund capital expenditures and research and development at the Hartford Facility; and (ii) that the Consortium has, since November, 2014, attempted to engage with the Debtors to negotiate a consensual restructuring of the Debtors' balance sheet only to be rebuffed by management that seems determined, at all costs, to ensure that the Sponsor retains ownership of the Debtors' enterprises notwithstanding the reality that existing equity is far out of the money.

5. In fact, the effort by the Debtors through the Maib Declaration and various other pleadings filed to date to foist onto the shoulders of the Consortium the purported need to embark on an accelerated sales process that is proposed to culminate in a sale hearing on August 7, 2015

{00995254;v1 }

(and that will deliver these estates to the Sponsor, which during its tenure as owner of this business has starved it), simply confirms management's fealty to the Sponsor. The proposed sales process, and the alleged exigencies the Debtors identify to support it, are self-created expedients that appear designed to deliver these companies to the Sponsor, presumably at any cost, but as set forth in their Stalking Horse bid, at no anticipated extension of new money.

6. The reality, which will be shown by the Consortium, is that management has turned a deaf ear to the proposals of the Consortium because they would eliminate the Sponsor's existing interests in the Debtors in accordance with the Bankruptcy Code's well established priority scheme. The outright rejection of any restructuring proposal other than one in which the Sponsor retains ownership and control is frankly demonstrated by the statements in the Maib Declaration that the Amended Prepackaged Plan is not confirmable over the Consortium's objection. *See* Maib Decl. ¶¶ 5, 27, 62. The only way the Sponsor can retain its equity interest is to create a crisis that it hopes will force this Court to order an expedited sales process that it has guaranteed will chill competing bids.

7. There will be a number of other objections that the Consortium will raise at the first day hearing. For these reasons, and based on the evidence that will be adduced and the argument that will be made at the first day hearing, the Consortium submits that the DIP Motion should be denied and that the Debtors be directed to implement the Consortium's superior DIP financing proposal.

**[THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK]**

{00995254;v1 }

Dated: June 16, 2015            **ASHBY & GEDDES, P.A.**

*/s/ William P. Bowden*
William P. Bowden (#2553)
Karen B. Skomorucha Owens (#4579)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

-and-

**BROWN RUDNICK LLP**
Robert J. Stark (admitted *pro hac* vice)
Andrew M. Carty (admitted *pro hac* vice)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

-and-

**BROWN RUDNICK LLP**
James W. Stoll (admitted *pro hac* vice)
One Financial Center
18th Floor
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Attorneys for Ad Hoc Consortium of Holders of the 8.75% Senior Notes Due 2017 of Colt Defense LLC and Colt Finance Corp*