## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                    :     Chapter 11
                                          :
COLT HOLDING COMPANY LLC, *et al.*,[1]     :     Case No. 15-11296 (LSS)
                                          :
                        Debtors.          :     Jointly Administered
                                          :
                                          :     **Re: D.I. 13**
------------------------------------------------------------x

**ORDER (I) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (II) APPROVING
PROCEDURES RELATED TO THE ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH
SUCH SALE, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF,
(IV) SCHEDULING THE HEARING TO CONSIDER APPROVAL OF SUCH SALE, AND
(V) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order

(this "**Order**"), as amended by the Notice of Filing Amended Exhibits dated July 27, 2015 and

the Notice of Filing Amended Exhibits dated August 11, 2015, (a) approving procedures (the

"**Bid Procedures**") for submitting bids for the purchase of substantially all of the Debtors' assets

(the "**Assets**"), (b) approving procedures for the assumption and assignment of certain executory

contracts and unexpired leases (the "**Designated Contracts**") in connection with such sale,

(c) scheduling a deadline to submit bids for the Assets and a hearing to consider approval of the

proposed sale (the "**Sale Transaction**") of the Debtors' Assets (the "**Sale Hearing**"), (d) setting a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Colt Holding Company LLC (0094); Colt Security LLC (4276); Colt Defense LLC (1950); Colt Finance Corp. (7687); New Colt Holding Corp. (6913); Colt's Manufacturing Company LLC (9139); Colt Defense Technical Services LLC (8809); Colt Canada Corporation (5534); Colt International Coöperatief U.A. (6822); and CDH II Holdco Inc. (1782). The address of the Debtors' corporate headquarters is: 547 New Park Avenue, West Hartford, Connecticut 06110.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

hearing, on shortened notice, to approve the Debtors' selection of a stalking horse purchaser (the "**Stalking Horse Purchaser**"), if any, and the provision of bid protections ("**Bid Protections**") to such Stalking Horse Purchaser, if necessary (the "**Stalking Horse Hearing**"), and (e) approving the form and manner of notice of (1) the date, time and place of the hearing to consider entry of the Bid Procedures Order (the "**Bid Procedures Hearing**"), (2) the deadline to submit bids for the Debtors' Assets, (3) the assumption and assignment of certain Designated Contracts in connection with the sale of the Debtors' Assets, (4) the date, time and place of the Stalking Horse Hearing and the Sale Hearing, and (5) granting certain related relief (collectively, (1)-(5), the "**Bid Procedures Relief**"), all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion with respect to the Bid Procedures Relief (the "**Hearing**"); and upon the First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and that such relief is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor:

- 2 -

## THE COURT HEREBY FINDS THAT:[3]

A.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and proceedings is proper in this District and this Court under 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief requested in the Motion are sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014.

C.     Due, sufficient, and adequate notice of the Bid Procedures Hearing and the relief requested in the Motion and granted herein has been given in light of the circumstances and the nature of the relief requested and no other or further notice thereof is required.

D.     The Debtors have articulated good and sufficient reasons for this Court to grant the Bid Procedures Relief.

E.     The Debtors have articulated good and sufficient reasons for this Court to schedule the Sale Hearing to consider the remainder of the relief requested in the Motion, including, without limitation, the approval of the sale of substantially all of the Debtors' Assets free and clear of all liens, claims, encumbrances, and interests, including the rights or claims based on any taxes or successor or transferee liability, under section 363 of the Bankruptcy Code (the "**Sale Transaction**").

F.     The Bid Procedures, substantially in the form attached to this Order as Exhibit 1 and incorporated herein by reference as if fully set forth in this Order, are fair,

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

RLF1 12927810v.1

reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

G.      Service of the Sale Notice, substantially in the form attached to this Order as Exhibit 2, as set forth herein, is reasonably calculated to provide parties in interest with proper notice of the Bid Procedures, the Sale Transaction, and the Sale Hearing.

H.      Publication of the Sale Notice, as set forth herein, is reasonably calculated to provide all unknown creditors and parties not otherwise required to be served with a copy of the Sale Notice pursuant to this Order with proper notice of the Bid Procedures, and the Sale Transaction.

I.      Service of the Assumption and Assignment Notice, substantially in the form attached to this Order as Exhibit 3, as set forth herein is reasonably calculated to provide all non-Debtor parties to the Designated Contracts with proper notice of the potential assumption and assignment of their respective Designated Contracts, any Cure Amounts relating thereto, and the Assumption and Assignment Procedures.

J.      The Motion and this Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the District of Delaware (the "**Local Rules**").

K.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

RLF1 12927810v.1

## IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

### Bid Procedures

1.      The Bid Procedures Relief requested in the Motion is granted as provided herein.

2.      The Bid Procedures are approved. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

3.      As further described in the Bid Procedures, any entity that desires to make an offer to purchase the Purchased Assets must submit a Qualified Bid to (i) Perella Weinberg Partners LP, 767 Fifth Avenue, New York, NY 10153 (Attn: Nikhil Menon; Email: nmenon@pwpartners.com; Fax: (212) 287-3201); (ii) O'Melveny & Myers LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Peter Friedman Esq., and Joseph Zujkowski, Esq.; Email: jrapisardi@omm.com, pfriedman@omm.com, and jzujkowski@omm.com; Fax: (212) 326-2061); (iii) the Debtors, 547 New Park Avenue, West Hartford, Connecticut 06110 (Attn: John H. Coghlin, General Counsel; Email: jcoghlin@colt.com; Fax: (860) 244-1335), (iv) Kilpatrick Townsend & Stockton LLP, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, Georgia 30309 (Attn: Todd Meyers, Esq.; Email: tmeyers@kilpatricktownsend.com; Fax: (404) 541-3307) and The Grace Building, 1114 Avenue of the Americas, New York, New York 10036 (Attn: David Posner, Esq. and Shane Ramsey, Esq.; Email: dposner@kilpatricktownsend.com; Fax: (212) 658-9523), and (v) FTI Consulting, Inc., 3 Times Square, New York, New York 10036 (Attn: Michael C Eisenband and Matthew Diaz; Email: michael.eisenband@fticonsulting.com; matt.diaz@fticonsulting.com), **so as to be actually received** on or before October 16, 2015 at 5:00 p.m. (EDT) ("Bid Deadline"). The

Debtors, with the prior written consent of the Consultation Parties (as defined in the Bid Procedures) or upon obtaining authorization from the Bankruptcy Court, may extend the Bid Deadline once or successively, but are not obligated to do so.  If the Bid Deadline is extended, the Debtors shall file a notice of the extension with the Court and cause such notice to be published on the website maintained by the Debtors' claims agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/coltdefense (the "**Website**").

4.      The Sale Hearing shall be held on **October 26, 2015 at 10:00 a.m. (EDT)** or such other date that the Court is available, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Courtroom 2, before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge and may be adjourned, cancelled or rescheduled without notice.  The Debtors shall respond as promptly as practicable, but not later than 48 hours after receipt, to requests from Potential Bidders for confidentiality agreements and reasonable and appropriate due diligence with respect to the Assets.

### Stalking Horse Purchaser

5.      Subject to further Court approval, the Debtors, after consultation with the Consultation Parties (as defined in the Bid Procedures), are authorized to enter into a stalking horse agreement (a "**Stalking Horse Agreement**") with a stalking horse purchaser (a "**Stalking Horse Purchaser**") for the sale of the Debtors' Assets and to provide bid protections (the "**Bid Protections**") to the Stalking Horse Purchaser.

6.      The Debtors must designate the Stalking Horse Purchaser by **September 21, 2015 at 5:00 p.m. (EDT)**.  In the event that the Debtors designate a Stalking Horse Purchaser, the Court shall schedule the Stalking Horse Hearing on **September 25, 2015 at 10:30 a.m. (EDT)** to consider the approval of the Stalking Horse Purchaser, Stalking Horse

RLF1 12927810v.1

Agreement, and accompanying Bid Protections, if any.  Objections to approval of any Stalking Horse Purchaser, Stalking Horse Agreement, and accompanying Bid Protections shall be due on **September 24, 2015 at 4:00 p.m. (EDT)** and must be filed with the Court and served upon (i) O'Melveny & Myers LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Peter Friedman Esq., and Joseph Zujkowski, Esq.; Email:jrapisardi@omm.com, pfriedman@omm.com, and jzujkowski@omm.com; Fax: (212-326-2061); (ii) the Debtors, 547 New Park Avenue, West Hartford, Connecticut 06110 (Attn: John H. Coghlin, General Counsel; Email: jcoghlin@colt.com; Fax: (860-244-1335), and (iii) Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, Georgia 30309 (Attn: Todd Meyers, Esq.; Email: tmeyers@kilpatricktownsend.com; Fax: (404-541-3307) and The Grace Building, 1114 Avenue of the Americas, New York, New York 10036 (Attn: David Posner, Esq., Email: dposner@kilpatricktownsend.com; Fax: (212-658-9523), and Shane Ramsey, Esq., Email: sramsey@kilpatricktownsend.com).

7.     Upon the selection of the Stalking Horse Purchaser, the Debtors shall file and serve a notice, in accordance with Local Rule 2002-1(b), that includes: (i) the identity of the Stalking Horse Purchaser, (ii) a summary of the key terms of the Stalking Horse Agreement, (iii) a summary of the type and amount of Bid Protections, if any, being offered to the Stalking Horse Purchaser, and (iv) a copy of the Stalking Horse Agreement.

### Notice Procedures

8.     The notices described in subparagraphs (a), (b), and (c) below are approved, and service or publication thereof (as applicable) as set forth below constitutes proper, timely, adequate and sufficient notice of the Bid Procedures, the Assumption and Assignment Procedures, the Sale Transaction, the assumption and assignment of Designated Contracts in

RLF1 12927810v.1

connection with the Sale Transaction, the Successful Bid, and the Sale Hearing, and no other or further notice shall be required:

    (a)    **Notice of Sale, Auction, and Sale Hearing**: Within six (6) business days after entry of this Order, the Debtors (or their agents) shall:

        i.    Serve the Sale Notice by email, mail, facsimile, or overnight delivery service, upon: (i) the Office of the United States Trustee for the District of Delaware (Attn: Tiiara N. A. Patton; Email: tiiara.patton@usdoj.gov; Fax: (302) 573-6497); (ii) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iii) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 19919 (Attn: John Longmire, Esq.; Email: jlongmire@willkie.com; Fax: (212) 728-9574); (iv) Brown Rudnick LLP, Seven Times Square, New York, New York 10036 (Attn: Robert J. Stark, Esq., Email: rstark@brownrudnick,com, Fax: 212-209-4801); (v) Holland & Knight LLP, 131 South Dearborn Street, Chicago, Illinois 60603 (Attn: Barbra R. Parlin, Esq.; Email: barbra.parlin@hklaw.com; Fax: (212) 385-9010) (vi) Skadden, Arps, Slate, Meagher & Flom LLP; 4 Times Square, New York, New York 10036 (Attn: Jay M. Goffman, Esq.; Email: jay.goffman@skadden.com; Fax: (917) 777-2120); (vii) Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, Georgia 30309 (Attn: Todd Meyers, Esq.; Email: tmeyers@kilpatricktownsend.com; Fax: (404) 541-3307) and The Grace Building, 1114 Avenue of the Americas, New York, New York 10036 (Attn: David Posner, Esq., Email: dposner@kilpatricktownsend.com; Fax: (212-658-9523), , and Shane G. Ramsey, Esq., Email: sramsey@kilpatricktownsend.com); (viii) the IRS; (ix) all known parties that have previously expressed a bona fide interest in purchasing the Assets in the twelve (12) months preceding the date of the Motion; (x) the Attorneys General in the States where the Assets are located; (xi) all parties having filed requests for notices in these chapter 11 cases; (xii) all relevant local taxing authorities; (xiii) any entity known or reasonably believed to have asserted a security interest in or lien against any of the Assets; and (xiv) counterparties to any of the Debtors' material contracts and leases, including the Landlord to the Debtors' manufacturing facility located in West Hartford, Connecticut (collectively, the **"Sale Notice Parties"**);

- 8 -

        ii.        Publish a summary version of the Sale Notice on one occasion in *The New York Times* or *The Wall Street Journal*; and

        iii.      Cause the Sale Notice to be published on the Website.

(b)    **Notice of Potential Assumption and Assignment of Designated Contracts.** On or before **September 25, 2015** the Debtors (or their agent) shall file with the Court and serve by first-class mail, postage prepaid, or other method reasonably calculated to provide notice on each counterparty to a Designated Contract a notice of assumption, assignment, and cure (the "**Assumption and Assignment Notice**"), substantially in the form attached as Exhibit 3 to this Order, which includes: (i) the title of each Designated Contract, (ii) the name of the non-Debtor parties to such Designated Contract, (iii) the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default under such Designated Contract in accordance with sections 365(b) and (f)(2) of the Bankruptcy Code (the "**Cure Amount**"), and (iv) the deadline by which any non-Debtor party to such Designated Contract must object to the assumption and assignment of such Designated Contract, upon the non-Debtor parties to such Designated Contract. A list of the Designated Contracts and Cure Amounts shall be posted on the Website on or before September 25, 2015 and updated on a regular basis to reflect amendments to the schedules to the Stalking Horse Agreement, if any, or any asset purchase agreement ("**APA**") accompanying any other Qualified Bid. If (i) an executory contract or unexpired lease is added to the schedule of Designated Contracts attached to the Stalking Horse Agreement or any APA accompanying any other Qualified Bid, (ii) the Cure Amount associated with any such executory contract or unexpired lease is modified, or (iii) an executory contract or unexpired lease is proposed to be assumed pursuant to the APA accompanying any other Qualified Bid, then an Assumption and Assignment Notice shall be served on the applicable counterparty by fax, email or (if neither is available) overnight courier within one business day of such addition or modification, as applicable (and in no event less than three business days before the Sale Hearing).

(c)    **Notice of Selection of Successful Bidder.** As soon as immediately practicable after the determination of the Successful Bid, but no later than one business day after conclusion of the Auction, the Debtors will provide electronic notice of the results of the Auction by filing a notice on the Court's docket and on the Website identifying the Successful Bidder.

<u>**Assumption and Assignment Procedures**</u>

9.      The Assumption and Assignment Procedures, as set forth below, are approved and shall govern the assumption and assignment of any Designated Contract:

(a)    **Objections to Assumption and Assignment of Contracts and Leases**

i.    Objections, if any, to (a) the proposed assumption and assignment of any Designated Contract identified on an Assumption and Assignment Notice (except with respect to the adequate assurance of future performance of any Successful Bidder) and (b) if applicable, the proposed Cure Amount, must (i) be in writing, (ii) set forth the basis for the objection, as well as any cure amount that the objector asserts to be due (in all cases with appropriate documentation in support thereof), and (iii) be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Courtroom 2, United States Bankruptcy Judge and served on the following parties **so as to be actually received by October 9, 2015 at 5:00 p.m. (EDT)** (i) co-counsel to the Debtors, O'Melveny & Myers LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Peter Friedman and Joseph Zujkowski, Esq.) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.); (ii) co-counsel to the DIP Senior Loan Lenders and Prepetition Senior Loan Lenders, Brown Rudnick LLP, Seven Times Square, New York, New York 10036 (Attn: Robert J. Stark, Esq.) and One Financial Center, Boston, Massachusetts 02111 (Attn: Steven Levine, Esq.) and Ashby & Geddes LLP, 500 Delaware Avenue, No. 8, Wilmington, Delaware 19801 (Attn: William P. Bowden, Esq.); (iii) co-counsel to the DIP Term Loan Lender and Prepetition Term Loan Lender, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 19919 (Attn: John Longmire, Esq.) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899 (Attn: Robert Dehney, Esq.); (iv) proposed co-counsel to the Creditors' Committee, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, Georgia 30309 (Attn: Todd Meyers, Esq.) and The Grace Building, 1114 Avenue of the Americas, New York, New York 10036 (Attn: David Posner, Esq. and Shane Ramsey, Esq.) and Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic Pacitti, Esq.); (v) counsel to the Prepetition Senior Loan Agent, Holland & Knight LLP, 131 South Dearborn Street, Chicago, Illinois, 60603, counsel to the Prepetition Senior Loan Agent (Attn: Barbra R. Parlin, Esq.); (vi) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Tiiara N.A. Patton, Esq.).; (viii) the IRS, (ix) the United States Department of Justice, and (x) any persons who have filed a

- 10 -

request for notice in the above-captioned chapter 11 cases. Any counterparty objecting to a Successful Bidder's proposed form of adequate assurance of future performance may file an objection at any time prior to the Sale Hearing or by appearing and objecting at the Sale Hearing.

ii.     If (a) the Cure Amount associated with any such executory contract or unexpired lease is modified, or (b) an executory contract or unexpired lease is proposed to be assumed pursuant to the APA accompanying any other Qualified Bid, then an Assumption and Assignment Notice shall be served on the applicable counterparty by fax, email or (if neither is available) overnight courier within one business day of such addition or modification, as applicable (and in no event less than three business days before the Sale Hearing) and any counterparty to such a Designated Contract may file an objection to the aforesaid addition or modification at any time prior to the Sale Hearing or by appearing and objecting at the Sale Hearing.

iii.    Unless an objection to the proposed assumption and assignment of a Selected Contract is properly filed and served or presented before the applicable objection deadline, any non-Debtor party thereto shall be (i) deemed to have consented to the assumption and assignment of such Selected Contract and the respective Cure Amount and (ii) forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtors, their estates, or the Purchaser.

(a)     **Procedures for Resolving Objections**

i.      If a timely objection is filed to the assumption and assignment of a Designated Contract (including any objection to a Cure Amount), the Debtors, the Successful Bidder, and the objecting non-Debtor party shall make reasonable efforts to confer in good faith to attempt to resolve any such objection without judicial intervention. If the Debtors determine that the objection cannot be resolved without judicial intervention, then, at the discretion of the Debtors and the Successful Bidder, the objection shall be determined by the Court at the Sale Hearing or such other date as determined by the Court. If the Court determines at such hearing that such Designated Contract should not be assumed and assigned, then such Designated Contract shall not be assumed by the Debtors or assigned to the Successful Bidder.

ii.     If the Debtors, the Successful Bidder, and the non-Debtor party resolve any objection to the assumption and assignment of a Designated Contract (including any objection to a Cure Amount),

- 11 -

they shall enter into a written stipulation, which stipulation is not required to be filed with or approved by the Court.

**Sale Objection Procedures**

10.    Except as otherwise provided in paragraph 9 hereof with respect to the deadline for objecting to assumption and assignment of Designated Contracts, any objections (other than any objection to the assumption and assignment of a Designated Contracts) to the consummation of the transactions contemplated by the Bid Procedures, including, without limitation, the Sale Transaction, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector, (d) state with particularity the legal and factual bases for such objection, and (e) be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Courtroom 2, and served on the following parties **so as to be <u>actually received</u> no later than 4:00 p.m. (EDT) on October 21, 2015** (the "**General Objection Deadline**"): (i) co-counsel to the Debtors, O'Melveny & Myers LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Peter Friedman and Joseph Zujkowski, Esq.; Fax: (212) 326-2061) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.; Fax: (302) 498-7595); (ii) co-counsel to the DIP Senior Loan Lenders, Brown Rudnick LLP, Seven Times Square, New York, New York 10036 (Attn: Robert J. Stark, Esq.; Fax (212) 209-4801) and One Financial Center, Boston, Massachusetts 02111 (Attn: Steven Levine, Esq.; Fax: (617) 289-0419) and Ashby & Geddes LLP, 500 Delaware Avenue, No. 8, Wilmington, Delaware 19801 (Attn: William P. Bowden, Esq.; Fax: (302) 654-2067); (iii) co-counsel to the DIP Term Loan Lender and Prepetition Term Loan Lender, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 19919 (Attn: John Longmire, Esq.; Fax: (212) 728-

- 12 -

9574) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899 (Attn: Robert Dehney, Esq.; Fax: (302) 425-4673); (iv) proposed co-counsel to the Creditors' Committee, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, Georgia 30309 (Attn: Todd Meyers, Esq.; Fax: (404) 541-3307) and The Grace Building, 1114 Avenue of the Americas, New York, New York 10036 (Attn: David Posner, Esq. and Shane Ramsey, Esq.; Fax: (212) 658-9523) and Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic Pacitti, Esq.; Fax: (302) 426-9193); (v) counsel to the Prepetition Senior Loan Agent, Holland & Knight LLP, 131 South Dearborn Street, Chicago, Illinois, 60603, counsel to the Prepetition Senior Loan Agent (Attn: Barbra R. Parlin, Esq.; Fax: (212) 385-9010); (vi) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Tiiara N.A. Patton, Esq.).; (vii) the IRS, (viii) the United States Department of Justice, and (ix) any persons who have filed a request for notice in the above-captioned chapter 11 cases on or before the General Objection Deadline (collectively, the "**Objection Notice Parties**") on or before the General Objection Deadline. For the avoidance of doubt, objections to the proposed assumption and assignment of any Designated Contract identified in the Assumption and Assignment Notice must be filed and served in accordance with the procedures set forth in paragraph 9 herein.

11.     The failure of any entity to timely file an objection pursuant to the terms of this Order may be deemed to constitute consent of such entity to the relief requested in the Motion, including, without limitation, the Sale Transaction, and shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale Transaction (including

- 13 -

the transfer of the Assets free and clear of all liens, claims, encumbrances, and interests, including rights or claims based on any taxes or successor or transferee liability), the assumption and assignment of any contract or lease in connection with the Sale Transaction.

**Related Relief**

12.    The United States Trustee shall appoint a consumer privacy ombudsman (an "**Ombudsman**") in accordance with 11 U.S.C. § 332(a) no later than the date that is 7 days before the Sale Hearing.  The Ombudsman shall (i) perform the functions set forth in 11 U.S.C. § 332(b) and (ii) at all times comply with 11 U.S.C. 332(c).  The Ombudsman shall be compensated pursuant to 11 U.S.C. § 330 upon approval by the Court of a request for compensation.

13.    Any objections to entry of this Order that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing or by stipulation filed with the Court, and any reservations of rights included in such objections, are overruled on the merits and denied with prejudice, except as otherwise set forth herein.

14.    Notwithstanding any possible applicability of Bankruptcy Rules 6004 or 6006, or otherwise, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry. The Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

15.    For the avoidance of doubt, nothing in this Order shall require the Debtors to proceed with and/or consummate the Sale Transaction if the Debtors, in their business judgment, determine that such actions are not in the best interests of their estates.

- 14 -

16.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

17.     This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: September 3, 2015
      Wilmington, Delaware

_____
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

- 15 -